JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ernest McCauley, appeals from the sentencing entry of the Common Pleas Court which indicated that postrelease control is not part of his sentence.
 {¶ 2} The facts and procedural history regarding McCauley's conviction were set forth by this court in State v. McCauley,
Cuyahoga App. No. 80630, 2003-Ohio-3211 (McCauley I), wherein we stated:
 {¶ 3} "On March 23, 2001, Marcus Blalock shot and killed Howard Rose during a meeting for a drug transaction. This occurred at the home of Arketa Willis, Rose's friend and sometime lover, who had introduced the pair. When Rose did not meet Ms. Willis at her workplace after the meeting, she called Blalock to inquire about Rose's whereabouts. Blalock told her to come to her home and, when she arrived, she discovered Blalock, McCauley, and Dion Johnson there, along with Rose's corpse. Blalock admitted that he shot Rose and the four attempted to cover up the crime, which included cleaning up the blood in the Willis home and disposing of Rose's body and his pickup truck. They drove the truck to Pennsylvania, where they set it on fire with the body inside.
 {¶ 4} "Police in Pennsylvania and Ohio eventually traced the crime to Blalock, McCauley, Johnson, and Ms. Willis, and all four were indicted in Case No. CR-407194 on charges of aggravated murder, kidnapping, and aggravated robbery, and McCauley also was charged with having a weapon while under a disability. In Case No. CR-407947, all four were charged with tampering with evidence and obstruction of justice in connection with the cover up of the murder. Although the cases were consolidated for pretrial purposes, the judge granted McCauley's motions to hold separate trials on the two indictments and to sever his trials from those of the other defendants. McCauley also executed a waiver of jury trial with respect to the weapon charge and asked that the judge render a verdict on that count.
 {¶ 5} "The judge directed a verdict of acquittal on the aggravated murder, kidnapping, and aggravated robbery charges against McCauley, but entered a guilty verdict on the weapon charge. McCauley then entered guilty pleas to the tampering and obstruction charges and the judge held a combined sentencing hearing on the convictions for the three offenses. McCauley was sentenced to four years each on the tampering and obstruction convictions and twelve months for having a weapon while under a disability, all sentences to run consecutively, and he was fined $10,000." Id. at ¶¶ 2-4.
 {¶ 6} This court affirmed McCauley's convictions and the terms of imprisonment imposed, but vacated the fine and the imposition of postrelease control, because the trial court had not advised McCauley at the sentencing hearing of postrelease control, although it purported to impose postrelease control in its sentencing entry. This court remanded the case for correction of the journal entries. McCauley I, at ¶¶ 18-20.
 {¶ 7} Upon remand, the trial court issued an entry which stated that "pursuant to court of appeals on remand, defendant's sentence in this case neither a fine nor post-release control are part of this sentence (sic)."
 {¶ 8} An appeal and cross-appeal were taken to the Ohio Supreme Court. State v. McCauley, 104 Ohio St.3d 158,2004-Ohio-6398 (McCauley II). The Ohio Supreme Court reversed the judgment of the court of appeals and remanded the case to the trial court "for resentencing consistent with State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085."
 {¶ 9} Despite the order from the Supreme Court, upon remand, the trial court did not hold a resentencing hearing, but entered an order stating that "the record shall indicate that postrelease control is not part of defendant's sentence."[1]
 {¶ 10} McCauley timely appealed and raises three assignments of error for our review. In his first assignment of error, he argues that the trial court erred in not holding a resentencing hearing as ordered by the Ohio Supreme Court in McCauley II.
The State concedes this assignment of error.
 {¶ 11} By entering a new sentencing entry, rather than holding a new sentencing hearing and resentencing McCauley, the trial court disregarded the mandate from the Supreme Court. It had no authority to do so. "In accordance with the law of the case doctrine, a trial court has no discretion to disregard the mandate of a reviewing court and no authority to extend or vary the mandate given." State v. Aliane, Franklin App. No. 03AP-881, 2004-Ohio-3698, at ¶ 16. "When a case is remanded to a trial court from an appellate court, the mandate of the appellate court must be followed." Columbus v. Hayes (1990),68 Ohio App.3d 184, 186.
 {¶ 12} Moreover, the trial court's journal entry simply replaced one void sentence with another. The Supreme Court's remand for a new sentencing hearing in McCauley II was based upon its decision in Jordan, supra, wherein the Supreme Court held that when a trial court fails to notify an offender about postrelease control at the sentencing hearing, but then incorporates that notice into its journal entry imposing sentence, the trial court fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d) regarding postrelease control notification, and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing. McCauley II, supra at ¶¶ 27-28. The court noted in Jordan that a sentence is void where it does not contain a statutorily mandated component, such as that specified in R.C.2929.19(B)(3)(c) and (d). Id. at ¶ 25. Thus, McCauley's first sentence was void, because he was not advised of postrelease control at the initial sentencing hearing. Likewise, the purported "resentencing" was also void because, once again, McCauley was not advised of postrelease control during a sentencing hearing.
 {¶ 13} Appellant's first assignment of error is sustained and the matter is remanded to the trial court for resentencing.
 {¶ 14} McCauley's second assignment of error likewise requires that we remand for resentencing. In this assignment of error, he contends that the trial court's imposition of consecutive sentences pursuant to R.C. 2929.14(B)(E) upon the making of certain judicial findings violated principles announced in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. We agree, in light of the recent decision of the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 15} In Foster, the Ohio Supreme Court noted that inBlakely, the United States Supreme Court held that "aside from the exception for prior criminal convictions and the defendant's consent to judicial factfinding, the Sixth Amendment prohibits a judge from imposing a sentence greater than that allowed by the jury verdict or by the defendant's admissions at a plea hearing." Id. at ¶ 7.
 {¶ 16} Examining R.C. 2929.14(E) in light of Blakely, the Ohio Supreme Court held that "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant, R.C. 2929.14(E)(4) violates principles announced inBlakely." Id. at ¶ 67.
 {¶ 17} The Supreme Court found R.C. 2929.14(E) unconstitutional, severed it from Senate Bill 2, and ordered that cases on direct review be remanded for resentencing in light of its remedial severance. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 18} In accord with Foster, McCauley's sentence is vacated, and the matter is remanded to the trial court for resentencing. In doing so, we note the admonition given by the Ohio Supreme Court in State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 38, decided the same day as Foster:
 {¶ 19} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing * * *, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 20} Appellant's second assignment of error is sustained.
 {¶ 21} In his third assignment of error, McCauley contends that the trial court erred in entering separate convictions for the offenses of tampering with evidence and obstruction of justice because the offenses are allied offenses of similar import.
 {¶ 22} McCauley's argument is barred by the doctrine of res judicata because he did not raise it in McCauley I. As the Supreme Court of Ohio explained in State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus:
 {¶ 23} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by thedefendant * * * on an appeal from that judgment." (Emphasis added).
 {¶ 24} Thus, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, at ¶ 16, citing State v. Hutton,100 Ohio St.3d 176, 2003-Ohio-5607; State v. D'Ambrosio (1995),73 Ohio St.3d 141, 143. The doctrine precludes a defendant who has had his day in court from seeking a second on that same issue. In doing so, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard. Id. at ¶ 18, citing State ex rel. Willys-Overland Co. v.Clark (1925), 112 Ohio St. 263, 268.
 {¶ 25} Because McCauley had an opportunity to raise this issue in McCauley I and failed to do so, the issue is res judicata and not subject to review in this appeal.
 {¶ 26} Appellant's third assignment of error is therefore overruled. Sentence vacated; case remanded for resentencing.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Diane Karpinski, J., concur.
[1] Curiously, this order, which is dated June 7, 2005, some five months after the case was remanded from the Supreme Court for resentencing, states, in its entirety, "Upon remand from the court of appeals for correction of sentencing entry the record shall indicate that postrelease control is not part of defendant's sentence." The remand was from the Ohio Supreme Court, however, not the court of appeals. Moreover, on August 5, 2003, after the case had been remanded from this court for correction of its journal entry, the trial court entered an order "pursuant to the court of appeals on remand," that postrelease control was not part of McCauley's sentence. In any event, the trial court did not hold a resentencing hearing as ordered by the Supreme Court of Ohio.