[Cite as *State v. Gonzalez*, 195 Ohio App.3d 262, 2011-Ohio-4219.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | APPEAL NO. C-100710 |
| | | TRIAL NO. B-0105717 |
| Appellee, | : | |
| v. | : | *D E C I S I O N.* |
| GONZALEZ, | : | |
| Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Cause Remanded

Date of Judgment Entry on Appeal:  August 24, 2011


Joseph T. Deters, Hamilton County Prosecuting Attorney, and James Michael Keeling, Assistant Prosecuting Attorney, for appellee.


Nader Gonzalez, pro se.

Per Curiam.

**{¶1}** Defendant-appellant Nader Gonzalez appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Vacate Void Sentence, and * * * for a New Sentencing Hearing." We remand this case to the trial court for the proper imposition of postrelease control.

**{¶2}** In 2002, Gonzalez was convicted on two counts of felonious assault. He unsuccessfully challenged his convictions in appeals to this court and to the Ohio Supreme Court[1] and in his 2006 App.R. 26(B) application to reopen his appeal.[2]

**{¶3}** In June 2010, Gonzalez filed with the common pleas court a motion seeking a new sentencing hearing on the ground that his sentence was void because the trial court had failed to adequately notify him concerning postrelease control. The common pleas court overruled the motion. This appeal followed.

**{¶4}** On appeal, Gonzalez presents two assignments of error. We address first his second assignment of error, in which he cites the Ohio Supreme Court's 2010 decision in *State v. Johnson*[3] to argue that the trial court, in imposing prison terms on both felonious-assault charges, violated R.C. 2941.25. The offenses, Gonzalez insists, were allied offenses of similar import that had been committed neither separately nor with a separate animus as to each. We do not reach the merits of this challenge.

**{¶5}** This court has jurisdiction to review only the judgment from which Gonzalez appeals. In that judgment, the common pleas court overruled Gonzalez's motion challenging the adequacy of postrelease-control notification. The court did not rule upon, because Gonzalez had not asserted in his motion, an allied-offenses challenge to his

---

[1] See *State v. Gonzalez*, 154 Ohio App.3d 9, 2003-Ohio-4421, 796 N.E.2d 12, appeal not accepted for review, 100 Ohio St.3d 1532, 2003-Ohio-6458, 800 N.E.2d 48.
[2] See *State v. Gonzalez*, 111 Ohio St.3d 1434, 2006-Ohio 5351, 855 N.E.2d 498.
[3] *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

sentences. His failure to present this challenge as a ground for relief in his motion precludes this court from reviewing it on appeal from the judgment overruling the motion.[4] And while a trial court retains jurisdiction to correct a void judgment,[5] the Ohio Supreme Court has not held that a judgment of conviction is rendered void by the imposition of multiple sentences in violation of R.C. 2941.25.[6]

{¶6}    In his first assignment of error, Gonzalez contends that the common pleas court erred in overruling his motion seeking resentencing on the ground that his sentences are void for inadequate postrelease-control notification. We agree.

{¶7}    Gonzalez was found guilty of two counts of felonious assault, both second-degree felonies. The trial court was thus required to notify Gonzalez at sentencing that upon his release from prison, he would be subject to postrelease-control supervision.[7] The court failed to do so. Consequently, to the extent that Gonzalez was not adequately notified concerning postrelease control, his sentences are void and he is "entitled * * * to proper imposition of postrelease control."[8]

{¶8}    Gonzalez did not assign this matter as error in his direct appeal from his conviction. He instead presented the challenge in his postconviction motion for resentencing. But when a sentence is void to the extent that it was not imposed in conformity with the statutory mandates concerning postrelease control, and the matter has come to the attention of a court, whether on direct appeal or in a collateral challenge, the

---

[4] See *State v. Gipson* (Sept. 26, 1997), 1st Dist. Nos. C-960867 and C-960881, 1997 WL 598397.
[5] See *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶18-19.
[6] Cf. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶27 (holding that "[a] sentence that does not include the statutorily mandated term of postrelease control is void * * * and may be reviewed at any time, on direct appeal or by collateral attack").
[7] See *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus.
[8] See *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraphs one and two of the syllabus.

court "cannot ignore" the matter,[9] and "the offending portion of the sentence is subject to review and correction."[10]

**{¶9}** Gonzalez's felonious-assault sentences are void to the extent that he was not notified at sentencing concerning postrelease control. Because his motion for resentencing brought this matter to the attention of the common pleas court, the court erred in overruling the motion. We, therefore, sustain the first assignment of error and remand this case for correction of the offending portions of his sentences in accordance with the law and this decision.

Cause remanded.

SUNDERMANN, P.J., and HENDON and FISCHER, JJ., concur.

_____

---

[9] *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶12; accord *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶17-20; *State v. Long*, 1st Dist. No. C-100285, 2010-Ohio-6115, ¶5.
[10] *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus and ¶27.