[Cite as *State v. Castro*, 2012-Ohio-2206.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97451

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

### vs.

# JOSE CASTRO

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-413227

**BEFORE:** Cooney, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Jose Castro ("Castro"), appeals the trial court's denial of his motion to correct an illegal sentence. Finding no merit to the appeal, we affirm.

**{¶2}** In October 2002, Castro was convicted of aggravated burglary, aggravated robbery, kidnapping, felonious assault, and gross sexual imposition. He was sentenced to 40½ years in prison. His convictions and sentence were affirmed by this court on appeal. *State v. Castro*, 8th Dist. No. 81122, 2002-Ohio-5568.[1]

**{¶3}** Castro was not properly sentenced to postrelease control so he filed a pro se motion to correct his sentence. His counsel also filed a motion to "correct the illegal sentence." At the hearing, Castro argued that his convictions should be merged as allied offenses of similar import. The court denied Castro's motions seeking a full resentencing, and Castro was properly advised of postrelease control by way of a nunc pro tunc entry.

**{¶4}** Castro now appeals, arguing in his sole assignment of error that the court erred in failing to address whether his convictions should have been merged as allied offenses of similar import.

> **{¶5}** It is well recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221. Consistent therewith, this

---

[1]Castro attacked his sentence on direct appeal on the issues of maximum and consecutive sentences.

> court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or could have been raised in a prior proceeding, including a direct appeal. *State v. McGee*, Cuyahoga App. No. 91638, 2009-Ohio-3374; *State v. Pickens*, Cuyahoga App. No. 91924, 2009-Ohio-1791; *State v. Gaston*, Cuyahoga App. No. 82628, 2003-Ohio-5825; *see also State v. Coats*, Mercer App. Nos. 10-09-04 and 10-09-05, 2009-Ohio-3534.

*State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202.

{¶6} Castro failed to raise the issue of allied offenses in his direct appeal.

{¶7} Moreover, it is well settled that the issue of allied offenses is not properly raised during resentencing but rather on direct appeal. *See State v. Marshall*, 8th Dist. No. 89409, 2007-Ohio-683 (finding that defendant's allied offense argument was barred by res judicata because it had already been raised on direct appeal); *State v. Martin*, 2d Dist. No. 21697, 2007-Ohio-3585 (issue of merger not within the scope of the trial court's limited review of sentencing issues on remand); *State v. McCauley*, 8th Dist. No. 86671, 2006-Ohio-2875 (finding that the defendant's allied offenses argument was barred by res judicata because it was not raised on direct appeal); *State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716 (finding that allied offense issue was barred by res judicata when improperly raised during resentencing hearing).

{¶8} The Ohio Supreme Court held in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 27, that when a trial court fails to properly impose postrelease control, "that part of the sentence * * * is void and must be set aside." The defendant is not entitled to be resentenced on the entire sentence, "only the portion that is void may be vacated and otherwise amended." *Id.* at ¶ 28; *State v. Gonzalez*, 195 Ohio

App.3d 262, 2011-Ohio-4219, 959 N.E.2d 596, ¶ 5 (1st Dist.). The *Fischer* court concluded that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Id.* at ¶ 40.

{¶9} In addressing this exact issue in *Poole*, this court held that:

> when a court affirms the convictions in an appellant's first appeal, the propriety of those convictions becomes the law of the case, and subsequent arguments seeking to overturn them are barred. *State v. Harrison*, Cuyahoga App. No. 88957, 2008-Ohio-921, at ¶ 9. Therefore, in a subsequent appeal, only arguments relating to the resentencing are proper. *State v. Riggenbach*, Richland App. No. 09CA121, 2010-Ohio-3392, affirmed by Slip Opinion No. 2010-Ohio-6336.

> In further clarification on this issue, we note that the Ohio Supreme Court recently stated that "under R.C. 2941.25, the court must determine *prior* to sentencing whether the offenses were committed by the same conduct." *State v. Johnson*, Slip Opinion No. 2010-Ohio-6314, at the syllabus. (Emphasis added.)

(Emphasis sic.) *Id*. at ¶ 11-12.

{¶10} Therefore, in accordance with *Fischer* and *Johnson*, we find that the trial court did not err in refusing to address the issue of allied offenses at Castro's postrelease control hearing, as his sentence had been affirmed on direct appeal. The correction of an improper imposition of postrelease control does not open the door for appellant to attack his underlying convictions or other unrelated matters. *Poole* at ¶ 13. Thus, Castro's argument is barred by the doctrine of res judicata.

**{¶11}** Accordingly, the sole assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR