[Cite as *State v. Gonzalez*, 2017-Ohio-7301.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150582 |
| | | TRIAL NO. B-0105717 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| NADER GONZALEZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 23, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Nader Gonzalez*, pro se.

Per Curiam.

{¶1}  Defendant-appellant Nader Gonzalez presents on appeal a single assignment of error challenging the Hamilton County Common Pleas Court's judgment overruling his "Motion to Correct Jail-Time Credit Criminal Rule 36." We reverse the court's judgment.

{¶2}  Gonzalez was convicted in 2002 on two counts of felonious assault. The trial court imposed consecutive eight-year prison terms and specified in his judgment of conviction jail-time credit of 236 days. Upon his admission to prison, Gonzalez was provided with a document providing the details of his sentences and notifying him that "[t]he end of [his] definite/stated term sentence is 09/16/17." We affirmed his convictions on appeal. *State v. Gonzalez*, 154 Ohio App.3d 9, 2003-Ohio-4421, 796 N.E.2d 12 (1st Dist.), *appeals not allowed*, 100 Ohio St.3d 1532, 2003-Ohio-6458, 800 N.E.2d 48.

{¶3}  In 2010, Gonzalez moved to vacate his sentences on the ground that he had not been sentenced in conformity with the statutes governing postrelease control. In August 2011, in his appeal from the overruling of that motion, we remanded for the proper imposition of postrelease control. *State v. Gonzalez*, 195 Ohio App.3d 262, 2011-Ohio-4219, 959 N.E.2d 596 (1st Dist.).

{¶4}  The Ohio Supreme Court had, in 2010, held that a sentencing hearing to correct postrelease control is "limited to the proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. In September 2011, on remand from our August 2011 decision, the trial court conducted a hearing and entered judgment correcting postrelease control. But the court at the hearing also went on to consider and reject arguments on, and then to again impose, the consecutive eight-year prison terms. And the court inquired into the matter of jail-time credit, stating, "There was credit at that time for 236 days. I don't know what his credit is now." Based on the assistant prosecuting attorney's representation of the number of days of confinement, the court, at the hearing and in the judgment of conviction, credited

Gonzalez with jail-time of 3,558 days. The Ohio Department of Rehabilitation and Correction then generated and, in November 2011, journalized a "Notice of New Calculation of Sentence," reflecting "JTC 3,563" days and a "Calculated Release * * * Date 12/12/17."

{¶5} On appeal, we affirmed the 2011 judgment of conviction. *State v. Gonzalez*, 1st Dist. Hamilton No. C-110644 (Aug. 3, 2012). Citing *Fischer*, we overruled Gonzalez's challenge to the trial court's failure to conduct a de novo sentencing hearing. And we declined to entertain his challenges to the "re-imposi[tion]" of his 2002 sentences, the imposition of maximum and consecutive sentences, and the failure to merge his convictions, because the court on remand "had no authority to alter the duration of Gonzalez's incarceration or to merge his convictions," when its "authority was limited to the proper imposition of postrelease control."

{¶6} *Gonzalez's Crim.R. 36 motion.* Gonzalez did not challenge his jail-time credit until 2015, when he filed with the common pleas court his "Motion to Correct Jail Time Credit Criminal Rule 36." In his motion, he invoked the court's authority under Crim.R. 36 to correct a mistake in the calculation of jail-time credit, and he asked the court to credit him with the 236 days credited in his 2002 judgment of conviction and to "reinstate his expected [September 16, 2017] release date." In overruling that motion, the common pleas court explained that the 2011 decrease in Gonzalez's jail-time credit, along with the change in his release date from September 16, 2017 to December 12, 2017, had resulted from its correction of the "miscalculation" of the jail-time credit included in his 2002 judgment of conviction. The court stated that the 2002 judgment of conviction had "overcredited" him by providing him with the 236 days from his September 21, 2001 indictment to his May 14, 2002 conviction, when, in the court's assessment, he was due only the 146 days between his December 19, 2001 arrest upon his indictment and his May 14, 2002 conviction. Thus, "when he was re-sentenced on September [28], 2011, * * * the same term of incarceration was imposed," and "he was given credit for [the] 3558

days * * * from the date of arrest [on] December 19, 2001 until the date of re-sentence."

{¶7}   ***Authority to correct jail-time credit under Crim.R. 36.***  We note at the outset that Gonzalez was sentenced before the effective date of R.C. 2929.19(B)(2)(g).   Therefore, neither the trial court on remand in 2011, nor the common pleas court upon Gonzalez's 2015 "Motion to Correct Jail Time Credit," could exercise the "continuing jurisdiction" conferred by R.C. 2929.19(B)(2)(g)(iii) to correct an error in Gonzalez's jail-time credit.   *See State v. Morgan*, 1st Dist. Hamilton No. C-140146, 2014-Ohio-5325, ¶ 5–7.

{¶8}   When Gonzalez was convicted in 2002, the Ohio Revised Code sections governing jail-time credit had been construed to impose on the trial court the duty to calculate, and to specify in the judgment of conviction, the total number of days that the offender had been "confined for any reason arising out of [his] offense," prior to his conviction for that offense.   *See* R.C. 2949.08(B).   The department of rehabilitation and correction was then tasked with reducing each sentence by the jail-time credit determined by the court, plus conveyance time.   *See State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7, citing *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 572, 589 N.E.2d 113 (10th Dist.1991); R.C. 2967.191, 2949.08(B), and 2949.12.

{¶9}   Crim.R. 36 authorizes a court to "correct[] * * * at any time" "clerical mistakes in judgments."   The rule thus authorizes a trial court to, at any time, enter judgment nunc pro tunc to the date of the original conviction, correcting a mistake of fact, but not an error of law, in the jail-time credit specified in a judgment of conviction.   *See Heddleston v. Mack*, 84 Ohio St.3d 213, 213, 702 N.E.2d 1198 (1988); *State v. Weaver*, 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶ 12. We conclude that the jail-time credit specified in Gonzalez's 2002 judgment of conviction and in the 2011 judgment of conviction entered following our remand to correct postrelease control were subject to correction under Crim.R. 36.

{¶10} The record shows that on July 16, 2001, the United States Immigration and Naturalization Service ("INS"), as it was then, initiated removal proceedings against Gonzalez. On September 21, he was indicted for two counts of felonious assault in Hamilton County, Ohio, and on September 25, a warrant was issued for his arrest on those charges. On December 10, he was taken into custody by the United States Marshall and held on an INS detainer until December 19, when he was arrested by the Hamilton County Sheriff on the warrant issued upon his September 21 indictment. On May 14, 2002, he was convicted on the two counts of felonious assault charged in that indictment.

{¶11} In Gonzalez's 2002 judgment of conviction, the trial court credited him with the 236 days between his September 21, 2001 indictment and his May 14, 2002 conviction. But he was not, in fact, "confined" until December 10, 2001, when he was taken into custody and held on the INS detainer. The jail-time credit specified in his 2002 judgment of conviction was, therefore, the product of a mistake of fact. And Crim.R. 36 conferred the authority to correct that mistake at any time.

{¶12} In the 2011 judgment of conviction entered following our remand to correct postrelease control, the trial court proposed to correct Gonzalez's jail-time credit by crediting him with 3558 days for his confinement between his December 19, 2001 arrest on the warrant issued upon his felonious-assault indictment and the September 28, 2011 judgment of conviction. That correction failed.

{¶13} As we noted, our August 2011 remand for correction of postrelease control did not authorize the trial court, in September 2011, to conduct a de novo sentencing hearing, to "re-sentence" Gonzalez for felonious assault, or to recalculate the days of preconviction confinement to be credited against the sentences that the court had "imposed." *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph two of the syllabus; *Gonzalez*, 1st Dist. Hamilton No. C-110644 (Aug. 3, 2012). And while Crim.R. 36 authorized correction of his jail-time credit, that correction may only be accomplished by entry of judgment nunc pro tunc to the date of his 2002 conviction.

5

{¶14} Also, the days between Gonzalez's December 19, 2001 arrest and the September 28, 2011 judgment of conviction numbered 3571, not 3558. Thus, his jail-time credit was again miscalculated.

{¶15} That miscalculation was compounded by the fact that it was based on the wrong events. The record of Gonzalez's 2002 sentencing hearing demonstrates that the trial court determined that, for purposes of calculating his jail-time credit under R.C. 2949.08(B), his December 10, 2001 confinement on the INS detainer constituted preconviction confinement "arising out of" his felonious assaults. That determination, being one of law, was not subject to alteration under Crim.R. 36.

{¶16} Thus, the trial court in the 2011 judgment of conviction exceeded the authority conferred by our remand to correct postrelease control, when it sentenced Gonzalez anew and, in the process, recalculated the days of confinement before entry of the 2011 judgment of conviction to be credited against those sentences. And the court erred in exercising the authority conferred by Crim.R. 36 to correct jail-time credit.

{¶17} *We reverse.* Gonzalez was entitled to have credited against his 2002 felonious-assault sentences the 156 days of preconviction confinement between December 10, 2001, when he was taken into custody on the INS detainer, and May 14, 2002, when he was convicted of felonious assault. Crim.R. 36 conferred upon the common pleas court the authority to correct his jail-time credit by entry of judgment nunc pro tunc to the date of his 2002 conviction. We, therefore, hold that the court erred in overruling his 2015 "Motion to Correct Jail Time Credit Criminal Rule 36." Accordingly, we sustain the assignment of error, reverse the court's judgment overruling his motion, and remand for further proceedings consistent with law and this opinion.

*Judgment reversed and cause remanded.*

MOCK, P.J., ZAYAS, and DETERS, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.