OPINION
{¶ 1} On November 30, 1998, defendant-appellant, Jesse Rivers, was sentenced to an aggregate prison term of ten and one-half years on felony charges of attempted murder and grand theft of a motor vehicle. No direct appeal was ever taken from appellant's 1998 convictions and sentence.
 {¶ 2} Nearly eight years later, on June 6, 2006, appellant petitioned the sentencing court pursuant to R.C. 2953.23, claiming he was entitled to minimum and concurrent terms of *Page 2 
imprisonment. The trial court denied the petition and appellant appeals, raising five assignments of error.
 {¶ 3} In his first through fourth assignments of error, appellant argues the trial court abused its discretion in denying his petition by failing to: consider appellant's claim that he received an unconstitutionally enhanced sentenced; impose a minimum sentence since appellant was a first-time offender; consider that appellant was denied the effective assistance of counsel at his 1998 sentencing hearing; and issue findings of fact and conclusions of law on each claim presented in the petition.
 {¶ 4} Appellant argues he is entitled to minimum and concurrent sentences because the trial court relied upon unconstitutional sentencing provisions when imposing nonminimum and consecutive sentences. In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found portions of Ohio's felony sentencing scheme unconstitutional and severed those sections from the state sentencing code. The supreme court further held, however, that its ruling inFoster only applied to cases pending on direct review. Id. at ¶ 106. See, also, State v. Brown, Fayette App. No. CA2006-06-026,2007-Ohio-128; State v. Muncey, Madison App. No. CA2006-06-023,2006-Ohio-6358. Because appellant's case was no longer pending on direct review but had become final, Foster is inapplicable.
 {¶ 5} Accordingly, appellant's second assignment of error is overruled.
 {¶ 6} Since appellant never pursued a direct appeal in this case, he had no later than 180 days after the expiration of the time for filing an appeal — or until June 27, 1999 — to file a timely postconviction relief petition. See R.C. 2953.21; State v. Kruse, Warren App. No. CA2005-10-112 113, 2006-Ohio-2510, ¶ 6. Untimely petitions may be filed pursuant to R.C. 2953.23(A)(1)(b), but may only present claims involving trial errors and cannot raise sentencing errors except those within the capital punishment context. Id. at ¶ 12. Because appellant's petition pertains only to sentencing and not to guilt, the trial court did not abuse its *Page 3 
discretion in dismissing the petition. Appellant neither filed his petition within the time frame of R.C. 2953.21(A)(2) nor satisfied the exception of R.C. 2953.23(A) (1 ). Id. at ¶ 13. For these reasons, appellant's first, third and fourth assignments of error are overruled.
 {¶ 7} In his fifth and final assignment of error, appellant submits that the trial court's ruling on his petition created a conflict that must be certified to the Ohio Supreme Court under Section 3(b)(4), Article IV of the Ohio Constitution. We disagree.
 {¶ 8} The constitutional provision as well as App.R. 25 only authorize the certification of conflicts between opinions of two or more courts of appeals. See State v. Yeager, Carroll App. No. 03 CA 786,2004-Ohio-4406. This court has no authority to certify a conflict involving the decisions of a court of general jurisdiction and any other Ohio court.
 {¶ 9} Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 10} Judgment affirmed.
 BRESSLER and WALSH, JJ., concur. *Page 1