**[Cite as *State v. Kelly*, 2012-Ohio-2930.]**

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 97673

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GENE KELLY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-385934

**BEFORE:**   Stewart, P.J., Celebrezze, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   June 28, 2012

**ATTORNEY FOR APPELLANT**

John A. Powers
The Powers Law Firm, LLC
700 W. St. Clair Avenue, Suite 214
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

**{¶1}** Defendant-appellant Gene Kelly appeals from an order that denied his motion to correct an illegal sentence. Kelly was convicted in July 2000 on counts of aggravated burglary, aggravated robbery, kidnapping, possession of criminal tools, conspiracy, and having a weapon under disability. We affirmed his conviction and sentence in *State v. Kelly*, 8th Dist. No. 78422, 2001 WL 824259 (July 12, 2001). In October 2011, Kelly filed a motion to correct his sentence, arguing that all of the offenses were allied offenses of similar import that should have merged for sentencing. The court treated Kelly's motion as a petition for postconviction relief and found it untimely. It also held that Kelly's allied offenses argument was barred by res judicata because he failed to raise the allied offenses argument on direct appeal. Kelly's assignment of error contests these rulings.

I

**{¶2}** Kelly argues that the failure to merge allied offenses for sentencing renders the sentence void. He analogizes his sentencing on allied offenses to sentences that have been found void because the court failed to impose a required term of postrelease control.

**{¶3}** The duty to advise an offender of postrelease control derives from the basic premise that a sentence that "disregard[s] statutory requirements" is a "nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). Postrelease control is a

creation of statute, so the failure to impose a required term of postrelease control for an offense renders the sentence for that offense void. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus.

{¶4} The Supreme Court recently considered the effect of a failure to impose a statutorily-mandated driver's license suspension. Consistent with the principles stated in *Bezak*, it held that "[t]he failure to include a mandatory driver's license suspension as part of an offender's sentence renders that part of the sentence void." *State v. Harris*, ___ Ohio St.3d ___, 2012-Ohio-1908, ___ N.E.2d ___, at paragraph one of the syllabus.

{¶5} The failure to merge allied offenses for sentencing is a violation of R.C. 2941.25. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. However, *Underwood* did not use the word "void" when referring to sentences in which allied offenses were not merged, instead characterizing them as either "contrary to law" or "not authorized by law." This characterization was consistent with Supreme Court precedent that held that the voidness doctrine in criminal cases was "limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 31. *Harris* arguably extended the voidness doctrine to cases in which the sentencing court failed to impose a statutorily-mandated license suspension, finding that the "same logic" it applied in postrelease control cases applied to cases involving the failure to impose a mandatory driver's license suspension. *Harris,* ___ Ohio St.3d ___, 2012-Ohio-1908, ___ N.E.2d ___, at ¶ 15-16. However, *Underwood* did not apply the

voidness doctrine to allied offenses analyses even though it had the opportunity to do so. So we decline to extend it here. We continue to hold that the failure to merge allied offenses at sentencing does not render a sentence void.

## II

**{¶6}** Even if we were to find that the failure to merge allied offenses for sentencing rendered Kelly's sentence void, he would nonetheless be bound by the jurisdictional requirements of the postconviction relief statute.

**{¶7}** Claims that offenses are allied invoke the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. *Underwood*, 124 Ohio St.3d 365 2010-Ohio-1, 922 N.E.2d 923, at ¶ 23; *see also United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Ohio's postconviction statute, R.C. 2953.21(A)(1)(a), specifically applies to any person who has been convicted of a criminal offense and claims a denial or infringement of his rights "as to render the judgment *void or voidable* under the Ohio Constitution or the Constitution of the United States[.]" (Emphasis added.)

**{¶8}** A motion to correct an illegal sentence is "an appropriate vehicle for raising the claim that a sentence is facially illegal at any time." *Harris*, ___ Ohio St.3d ___, 2010-Ohio-1908, ___ N.E.2d ___, ¶ 17. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence

on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus; *State v. Young*, 6th Dist. No. E-08-041, 2009-Ohio-1118, ¶ 16; *State v. Cale*, 11th Dist. No. 2000-L-034, 2001 WL 285794 (Mar. 23, 2001).

{¶9} A petition for postconviction relief that claims a violation of a constitutional right must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2). This time limitation is jurisdictional. *State v. Johns*, 8th Dist. No. 93226, 2010-Ohio-162, ¶ 8.

{¶10} An exception to the time limit exists if (1) it can be shown both that petitioner was unavoidably prevented from discovering the facts relied on in the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; or (2) there is clear and convincing evidence that but for the constitutional error at trial no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.21(A)(1).

{¶11} Kelly filed the transcript in his direct appeal in September 2000; he did not file his petition for postconviction relief until October 2011. More than 180 days elapsed, so his motion to correct an illegal sentence, treated as a petition for

postconviction relief, was facially untimely. *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 6.

**{¶12}** None of the exceptions to R.C. 2953.21(A)(1) apply to extend the time requirement. Kelly did not assert that he had been unavoidably prevented from raising the issue of allied offenses in his direct appeal, and there were no intervening decisions by the United States Supreme Court bearing on the issue of allied offenses that recognized a new right applicable to the states. *State v. Alexander*, 8th Dist. No. 95995, 2011-Ohio-1380, ¶ 15. Finally, Kelly could not establish the second exception to the time limit because an alleged sentencing error would have no effect on his guilt or innocence on the charged offenses. *State v. Rivers,* 12th Dist. No. CA2006-08-092, 2007-Ohio-2442, ¶ 6.

### III

**{¶13}** Had Kelly filed a timely petition for postconviction relief, we would find that principles of res judicata bar Kelly from asserting in a petition for postconviction relief that his convictions were allied offenses of similar import that should have merged for sentencing.

### A

**{¶14}** Kelly's allied offenses argument is premised on the new analysis set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, in which the Ohio Supreme Court established the test as "whether it is possible to commit one offense and commit the other with the same conduct[.]" *Id*. at ¶ 48. But Kelly's conviction

predated *Johnson* by ten years — the test in place at the time of his conviction was that set forth in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999). *Rance* required the courts to compare the elements of each offense in the abstract, with no reference to the particular facts of the case, to determine whether the commission of one offense would necessarily result in the commission of the other offense. Kelly cannot rely on *Johnson* as support for his argument when it was the *Rance* test in place at the time of his conviction. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996) (finding "no merit to appellee's claim that res judicata has no application where there is a change in the law due to a judicial decision of this court").

{¶15} Applying the *Rance* test, the elements of aggravated burglary, aggravated robbery, kidnapping, possession of criminal tools, conspiracy, and having a weapon under disability do not correspond to the degree that the commission of any one of those offenses necessarily resulted in the commission of the other. *See, e.g.*, *State v. Moore*, 8th Dist. No. 79353, 2002-Ohio-2133, ¶ 50 (aggravated robbery and aggravated burglary not allied offenses); *State v. Christian*, 8th Dist. No. 58660, 1991 WL 106041 (June 13, 1991) (possession of criminal tools and having a weapon under disability not allied offenses). Under the law existing at the time of his conviction, none of the offenses were allied offenses of similar import, so Kelly could not prevail on his substantive claim of error.

B

**{¶16}** In addition to Kelly's failure to prove the merits of his claim, a broader point exists — that Kelly's failure to raise an allied offenses argument on direct appeal barred him from doing so at a later time.

**{¶17}** In *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus states:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

**{¶18}** In *State v. Castro*, 8th Dist. No. 97451, 2012-Ohio-2206, we recently reaffirmed a line of decisions holding that a failure to raise an allied offenses argument on direct appeal bars any attempt to raise an allied offenses argument in a petition for postconviction relief. *Id*. at ¶ 7 (citing cases). Kelly had the opportunity to raise an allied offenses argument on direct appeal but failed to do so. The court correctly found that principles of res judicata barred the assertion of those claims in the petition for postconviction relief.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas    to carry this judgment into execution.    A    certified

copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of

Appellate Procedure.

_____

_____
MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR