[Cite as *State v. Gresham*, 2012-Ohio-5079.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 98425

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# EDWARD GRESHAM

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-475735

**BEFORE:** E. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**FOR APPELLANT**

Edward Gresham, pro se
Inmate No. 504-309
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio   43608


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mary H. McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1}  Edward Gresham appeals from the decision of the trial court denying his motion to merge allied offenses.  Gresham argues the trial court erred in failing to (1) merge his convictions for purposes of sentencing, (2) properly impose postrelease control, and (3) impose an exact dollar amount of restitution owed.  For the following reasons, we affirm the decision of the trial court.

{¶2}  On January 19, 2006, the Cuyahoga County Grand Jury indicted Gresham on two counts each of felonious assault and kidnapping, one count of domestic violence and one count of attempted murder.  Gresham pleaded guilty to one count each of felonious assault and domestic violence and two counts of kidnapping.  The trial court sentenced him to a total prison term of 14 years.  Gresham did not file a direct appeal.

{¶3}  On November 27, 2006, Gresham filed a motion to withdraw his guilty pleas, alleging that he pleaded guilty at the recommendation of his attorney and that he was assured that he would receive a prison sentence of two-to-four years.  On January 27, 2007, Gresham filed a motion to correct and consolidate his sentences in conjunction with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  On March 30, 2011, the trial court denied Gresham's motion to withdraw his guilty pleas and his motion to correct and consolidate his sentences in conjunction with *Foster*.  Gresham appealed the denial of his motions and this court affirmed the trial court's decision.

*State v. Gresham*, 8th Dist. No. 96735, 2011-Ohio-5930.

**{¶4}** On November 21, 2011, Gresham filed a motion to merge allied offenses, citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. On May 10, 2012, the trial court denied Gresham's motion, finding as follows:

> Defendant's motion asserts that the court erred when it accepted defendant's guilty pleas to charges of Felonious Assault (F-2), Domestic Violence (M-1), and two counts of Kidnapping (F-1) and imposed consecutive sentences on the felony charges totaling 14 years. Without identifying particular offenses, defendant argues that the sentences imposed should have run concurrent to one another as they are allied offenses of similar import.
>
> These are claims that could have been raised on direct appeal. However, defendant never filed a direct appeal in this case. Claims now raised by defendant which were brought, or should have been brought on appeal, are now res judicata and are denied on that basis.

**{¶5}** Gresham appeals, raising the following three assignments of error:

Assignment of Error One

The trial court made an error of law when it denied the Appellant's "Motion to Merge Allied Offenses Pursuant to O.R.C. 2941.25."

Assignment of Error Two

Appellant's sentence to post-release control is unauthorized by law and void when it was not properly imposed.

Assignment of Error Three

An interlocutory journal entry by the common pleas court cannot form the basis from which a valid direct appeal can be taken — when a journal entry fails to indicate the sentence of restitution as required by R.C. 2929.18 and Crim.R. 32(C).

{¶6} In his first assignment of error, Gresham argues the trial court erred when it denied his motion to merge allied offenses. We disagree.

{¶7} Claims that offenses are allied invoke the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. Ohio's postconviction statute, R.C. 2953.21(A)(1)(a), specifically applies to any person who has been convicted of a criminal offense and claims a denial or infringement of his rights so "as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]"

{¶8} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131. In cases where no direct appeal is filed, a petition for postconviction relief that claims a violation of a constitutional right must be filed no later than 180 days after the expiration of the time for filing an appeal. R.C. 2953.21(A)(1). It is unquestioned that Gresham's petition is untimely. *See State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079. Nonetheless, had Gresham filed a timely petition for postconviction relief, we find that principles of res judicata bar him

from asserting in a petition for postconviction relief that his convictions were allied offenses of similar import that should have merged for sentencing.

{¶9} Gresham's allied-offenses argument is premised on the new analysis set forth in *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, in which the Ohio Supreme Court established the test as "whether it is possible to commit one offense and commit the other with the same conduct[.]" *Id.* at ¶ 48; *State v. Kelly*, 8th Dist. No. 97673, 2012-Ohio-2930. However, Gresham's convictions predated *Johnson* by four years. The test in place at the time of Gresham's conviction was that set forth in *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. *Rance* required courts to compare the elements of each offense in the abstract, with no reference to the particular facts of the case, to determine whether the commission of one offense would necessarily result in the commission of the other offense. Gresham cannot rely on *Johnson* as support for his argument when it was the *Rance* test in place at the time of his conviction. *Kelly*.

{¶10} Even if we were to apply the *Rance* test, Gresham has failed to identify to either the trial court or this court which offenses he claims are allied and subject to merger.

{¶11} In addition to Gresham's failure to prove the merits of his claim, in failing to directly appeal his conviction and sentence, Gresham forfeited his opportunity to raise an allied-offense claim at this late date.

{¶12} In *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph

nine of the syllabus states:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶13}   In *Kelly*, 8th Dist. No. 97673, 2012-Ohio-2930,   this court noted that it recently reaffirmed a line of decisions holding that a failure to raise an allied-offenses argument on direct appeal bars any attempt to raise an allied- offenses argument in a petition for postconviction relief.   *Id.*   *See also State v. Castro*, 8th Dist. No. 97451, 2012-Ohio-2206.   Gresham had the opportunity to raise an allied-offenses argument on direct appeal but failed to do so.   The court correctly found that principles of res judicata barred the assertion of those claims in the petition for postconviction relief.

{¶14}   Gresham's first assignment of error is overruled.

{¶15}   In his second and third assignments of error, Gresham argues the trial court incorrectly imposed a term of postrelease control and failed to specify the exact dollar amount of restitution owed.   For the following reasons, we decline to address Gresham's remaining assigned errors.

{¶16}   It is well-settled that appellate courts "do not consider questions not presented to the court whose judgment is sought to be reversed."   *State ex rel. Porter v. Cleveland Dept. of Public Safety*, 84 Ohio St.3d 258, 259, 1998-Ohio-539, 703 N.E.2d 308.   Ohio courts have held that a party's failure to raise an issue at the trial court level acts as a waiver of the issue on appeal.   *Mayfield Hts. v. Barry,* 8th Dist. No. 82159,

2003-Ohio-4403; *Sekora v. Gen. Motors Corp.*, 61 Ohio App.3d 105, 572 N.E.2d 184 (11th Dist.1989). An appellate court may decline to consider errors that could have been brought to the trial court's attention and hence avoided or corrected. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982).

{¶17} Issues that are not raised or tried in the trial court and are not addressed in the court's judgment may not be raised for the first time on appeal. *State ex rel. Martin v. Cleveland*, 67 Ohio St.3d 155, 1993-Ohio-192, 616 N.E.2d 886; *see also Sellers v. Morrow Auto Sales*, 124 Ohio App.3d 543, 547, 706 N.E.2d 837 (12th Dist.1997). A party must adhere on appeal to the theory on which the case was tried in the trial court. *Russin v. Shepherd,* 11th Dist. No. 2006-G-2708, 2007-Ohio-3206. A theory that was not introduced in the trial cannot be raised for the first time on appeal. *Id*.

{¶18} Gresham did not raise these arguments at the trial court level below and thus, we decline to address them for the first time in this appeal.

{¶19} Gresham's second and third assignments of error are overruled.

{¶20} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR