[Cite as *State v. Marks*, 2013-Ohio-3734.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99474**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARVIN MARKS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-472337

**BEFORE:** S. Gallagher, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**FOR APPELLANT**

Marvin Marks, pro se
Inmate #521-868
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, OH   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, Marvin Marks, appeals the trial court's decision to deny his motion to correct improper sentence and his separate motion for jail-time credit. For the following reasons, we affirm.

**{¶2}** In January 2007, Marks pleaded guilty to voluntary manslaughter, with a three-year firearm specification, and having weapons under disability. The trial court sentenced Marks to 15 years. No direct appeal was filed. Around December 2012, Marks filed a motion for jail-time credit and a separate motion to correct an improper sentence, arguing that the offenses underlying his conviction were allied offenses subject to merger. The trial court denied Marks's motion for jail-time credit on December 17, 2012, and Marks's motion to correct improper sentence on January 2, 2013. Marks appealed these two decisions on January 28, 2013, raising two assignments of error that provide as follows:

Assignment of Error I.

The trial court erred and abused its discretion when Appellant was improperly charged, the evidence was and is insufficient for the charges of weapon while under disability and firearm specification.

Assignment of Error II.

The trial court erred when it denied Appellant's motion for jail time credit for the time he spent in Cuyahoga County jail.

**{¶3}** Appellant's first assignment of error is without merit. Not only does it impermissibly seek to challenge his sentence based on an allied-offense issue through a

motion to correct an improper sentence, but it is also facially untimely. As this court has consistently maintained:

> "A motion that is not filed pursuant to a specific rule of criminal procedure 'must be categorized by a court in order for the court to know the criteria by which the motion should be judged.' Where a criminal defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."

(Citations omitted.) *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380, at ¶ 12, quoting *State v. Elkins*, 10th Dist. Franklin No. 10AP-6, 2010-Ohio-4605, ¶ 7-8; *see also State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, _ 11. Nonetheless, "[a] motion to correct an illegal sentence is 'an appropriate vehicle for raising the claim that a sentence is facially illegal at any time.'" *Id.*, quoting *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 17. In *Kelly*, however, this court held that the failure to merge allied offenses does not render a conviction facially void. *Id.* at _ 8. Therefore, a motion to correct an illegal or improper sentence is not the appropriate vehicle to advance the allied-offense claim in a postconviction setting. *Id.* The correct procedure is for the defendant to file a motion for postconviction relief pursuant to R.C. 2953.21, and courts should treat any motion to correct an improper sentence, when raising the allied-offense issue, as a petition for postconviction relief.[1] *Id.*

---

[1] We are cognizant that this court previously determined that defendants were precluded from advancing allied-offense issues through a petition for postconviction relief pursuant to the doctrine of res judicata. *State v. Gresham*, 8th Dist. Cuyahoga No. 98425, 2012-Ohio-5079, ¶ 13.

{¶4} However, the defendant must file any motion to be considered pursuant to R.C. 2953.21 within the jurisdictional, 180-day time limit delineated in R.C. 2953.21(A)(2). *Id.* at _ 9. The only exception to the 180-day time limit, as it pertains to the current case, is unavailable to a defendant raising an allied-offense issue in this context because the second prong of the conjunctively drafted exception, R.C. 2953.23(A)(1)(b), expressly applies to situations where a defendant can show by clear and convincing evidence that absent the constitutional error, no reasonable trier of fact would have found that defendant guilty. *Id.* at _ 10. The allied-offense determination only implicates the sentencing and not the guilt stage of the proceedings. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 17. The postconviction statute, therefore, necessarily precludes a challenge outside the 180-day time limit if the alleged constitutional error or claim for ineffective assistance of counsel is premised on the failure to merge allied offenses at sentencing.

---

In *Gresham*, this court held that because the allied-offense issue could have been, but was not, raised on direct appeal, the issue could not be addressed through a motion for postconviction relief. The *Gresham* court, however, applied the pre-*State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, standards for reviewing allied-offense issues. For that reason, *Gresham* has been superseded by the Ohio Supreme Court's *Johnson* decision. Accordingly, in this district and at the time Marks filed his appeal, a defendant was only precluded from raising an allied-offense issue in a motion for postconviction relief if the defendant's conviction was a result of a trial or other proceeding that created a developed factual record and the defendant failed to raised the allied-offense issue on the direct appeal. *See Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930. Moving forward, this court's en banc decision in *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-3235, in which this court held that a trial court's failure to inquire into a facially presented allied-offense issue at sentencing constituted plain error, will likely control the res judicata determination in this district.

{¶5} In this case, Marks pleaded guilty and was sentenced to 15 years in Lorain Correctional Institution on January 25, 2007. Marks did not file his motion to correct an improper sentence until December 2012, well beyond the jurisdictional, 180-day time period. Further, the only constitutional infirmity advanced is that the offenses underlying his conviction are allied offenses of similar import. Because the exception to the 180-day time limit is unavailable in this case, the trial court lacked jurisdiction to review Marks's motion and did not err in denying Marks's motion to correct improper sentence.

{¶6} Finally, this court lacks jurisdiction over the issue advanced in appellant's second assignment of error. The judgment entry denying appellant's motion for jail-time credit was filed on December 17, 2012. Appellant filed his notice of appeal on January 28, 2013, without first seeking leave for a delayed appeal on the jail-time credit issue. App.R. 5(A); *Chapon v. Std. Contracting & Eng.*, 8th Dist. Cuyahoga No. 88959, 2007-Ohio-4306 (appellate courts lack jurisdiction to review a trial court's prior order when a subsequent order is used to indirectly appeal that prior order). This district has never condoned "the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed)." *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995). We, therefore, lack the jurisdiction to address Marks's second assigned error challenging the trial court's decision to deny his motion for jail-time credit.

{¶7} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR