**[Cite as *State v. Howard*, 2013-Ohio-4803.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99664**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE HOWARD, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554036

**BEFORE:**    Blackmon, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    October 31, 2013

**APPELLANT PRO SE**

Andre Howard, Jr.
Inmate No. 621-200
P.O. Box 788
Mansfield Correctional Institution
1150 North Main Street
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Adam M. Chaloupka
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Andre Howard, Jr. ("Howard") appeals pro se his sentence and assigns the following error for our review:

The trial court violates clearly established state and federal law when punishing appellant for the same offenses placing appellant twice in jeopardy.

{¶2} Having reviewed the record and pertinent law, we affirm Howard's sentence. The apposite facts follow.

{¶3} Howard was charged in a multi-count indictment for four counts of felonious assault and two counts of improperly discharging a weapon into a habitation, all with one-, three-, and five-year firearm specifications, along with one count of having a weapon while under disability. The charges arose from Howard's involvement in a drive-by shooting that occurred on June 13, 2011.[1]

{¶4} Howard pled not guilty and the matter proceeded to a bench trial; the trial court found Howard guilty of all charges. The trial court sentenced Howard to a total aggregate prison term of 12 years. The sentences on each count were run concurrently, except the firearm specifications. The trial court merged the one-and three-year firearm specifications, but ordered the three-year firearm specifications be served consecutive to the five-year specifications.

{¶5} Howard appealed his convictions, and this court in *State v. Howard*, 8th Dist. Cuyahoga No. 97695, 2012-Ohio-3459, affirmed. Thereafter, Howard filed a pro se motion to "Correct a Factually Illegal Sentence." Howard argued his convictions for

---

[1]For a more detailed recitation of the facts, consult this court's opinion in *State v. Howard*, 8th Dist. Cuyahoga No. 97695, 2012-Ohio-3459.

improperly discharging a weapon into a habitation and felonious assault and the attached firearm specifications should have merged because they are allied offenses. The trial court denied the motion.

## Allied Offenses

{¶6} In his sole assigned error, Howard argues the trial court erred by denying his motion to correct his sentence.

{¶7} This court recently addressed a similar issue in *State v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734. In *Marks* we held:

> [A] motion to correct an illegal or improper sentence is not the appropriate vehicle to advance the allied-offense claim in a postconviction setting. The correct procedure is for the defendant to file a motion for postconviction relief pursuant to R.C. 2953.21, and courts should treat any motion to correct an improper sentence, when raising the allied-offense issue, as a petition for postconviction relief. (Citations omitted.)

*Id.* at ¶ 3. This court went on to state that the defendant must file the motion within the time limit for petitions for postconviction relief set forth in R.C. 2953.21(A)(2). Under R.C. 2953.21(A)(2), when a direct appeal is taken, a petitioner must file his petition for postconviction relief no later than 180 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

{¶8} In the instant case, the transcript in Howard's direct appeal was filed on January 23, 2012. Thus, the 180-day time limit for Howard to file a petition for postconviction relief expired on July 23, 2012. He did not file his motion until February 19, 2013, well beyond the 180-day time limit.

{¶9} Generally, the trial court has no jurisdiction to consider an untimely petition for postconviction relief. *State v. Schultz*, 8th Dist. Cuyahoga No. 85430,

2005-Ohio-6627. The trial court may, however, entertain untimely petitions for postconviction relief if the defendant demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). Neither of these exceptions apply to the instant case. Therefore, the trial court did not err by denying Howard's petition.

{¶10} Moreover, given this was a bench trial with a developed record that would allow for the consideration of the allied-offenses argument on direct appeal, res judicata also prevents our review of Howard's appeal. *Marks*, 8th Dist. Cuyahoga No. 99474, 2012-Ohio-3734, at fn. 1. Accordingly, Howard's sole assigned error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR