[Cite as *State v. Robinson*, 2014-Ohio-397.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100077

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH ROBINSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-446184

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   February 6, 2014

**ATTORNEY FOR APPELLANT**

Walter T. Madison
The Malone Bldg., Suite 201
209 S. Main Street
Akron, OH    44308


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Mary H. McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

EILEEN A. GALLAGHER, J.:

{¶1} Kenneth Robinson appeals the trial court's denial of his motion to vacate a void sentence. Robinson challenges the constitutionality of Ohio's postconviction relief statute, arguing that R.C. 2953.23 is unconstitutional and his convictions are for allied offenses thus entitling him to be resentenced. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} In May 2004, Robinson entered into a plea agreement with the state of Ohio whereby he pleaded guilty to felonious assault, as a lesser included offense of aggravated murder, involuntary manslaughter as a lesser included offense of aggravated murder, and kidnapping. In exchange, the state deleted all the attached specifications and dismissed the remaining count of the indictment. As part of the plea negotiations, the parties stipulated that all counts were to run consecutively, and the trial court sentenced Robinson to a total prison term of 28 years.

{¶3} In May 2013, Robinson petitioned the court to vacate and correct his void sentence. The trial court denied Robinson's petition and he appealed raising the following assignments of error:

> The trial court erred and abused its judicial discretion when not applying the *Johnson* and *Williams* decisions retroactively via the collateral-attack doctrine and in accord with principles set forth in *Fiore, Bunkley*, and *Agee*, violating the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions.
>
> The trial court erred and abused judicial discretion when refusing to adjudicate that an application of *Ali v. State of Ohio* would be in direct violation of the Supremacy, Due Process and Equal Protection Clauses of

the United States and Ohio Constitutions.

The trial court erred and abused judicial discretion when refusing to adjudicate that the double jeopardy claim and challenge to the constitutionality of Ohio Rev. Code 2953.23(A)(1)(a) were not barred under the doctrine of res judicata, and that its application violates the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions.

The trial court erred and abused judicial discretion when refusing to adjudicate that Ohio Rev. Code section 2953.23(A)(1)(a) is unconstitutional upon its face and in its operation because such provides no provision to bring a claim under the principles set forth in *Fiore, Bunkley*, and *Agee*, violating the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions.

The trial court erred and abused judicial discretion when refusing to adjudicate the fact Appellant's convictions and sentences are in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions, including Ohio Rev. Code section 2941.25(A) according to *Johnson* and *Williams*.

{¶4} Robinson's five assignments of error consist of one claim and, as such they will be addressed together.

{¶5} In *State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, this court stated the following: "[c]laims that offenses are allied invoke the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. Ohio's postconviction statute, R.C. 2953.21(A)(1)(a), specifically applies to any person who has been convicted of a criminal offense and claims a denial or infringement of his rights "as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." *Kelly*.

> A motion to correct an illegal sentence is "an appropriate vehicle for raising the claim that a sentence is facially illegal at any time." [*State v.*] *Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131.

*Kelly*, *supra*.

{¶6} Although not captioned a petition for postconviction relief, Robinson's petition to the trial court was such a petition. Accordingly, he must comply with the jurisdictional time limits on a postconviction petition for relief. *State v. Johns*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162. A petition for postconviction relief that claims a violation of a constitutional right must be filed no later than 180 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2). An exception to the time limit exists if it can be shown that (1) petitioner was unavoidably prevented from discovering the facts relied on in the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) there is clear and convincing evidence that but for the constitutional error at trial no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1).

{¶7} In the present case, Robinson filed his motion to correct an illegal sentence, treated by this court as a petition for postconviction relief, in 2013 — nearly nine years after the expiration of the time for filing the appeal. More than 180 days elapsed so his petition for postconviction relief was facially untimely. *Kelly.*

**{¶8}** Further, none of the exceptions of R.C. 2953.23(A)(1) apply to extend the time requirement. Although Robinson argues that he had been unavoidably prevented from raising the issue of allied offenses in his direct appeal because *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, had not yet been decided, he could not establish the second exception to the time limit because an alleged sentencing error would have no effect on his guilt or innocence on the charged offenses. *State v. Rivers*, 12th Dist. Warren No. CA2006-OH-092, 2007-Ohio-2442; *Kelly*.

**{¶9}** In *Kelly*, this court dealt with the same issue raised by Robinson in this present appeal: that his convictions were allied offenses based upon the Ohio Supreme Court's decision in *State v. Johnson*, which established the test as "whether it is possible to commit one offense and commit the other with the same conduct[.]" *Id*. However, as stated in *Kelly*, Robinson's conviction predated *Johnson* — the test in place at the time of Robinson's conviction was that set forth in *State v. Rance*, 95 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. "*Rance* required the courts to compare the elements of each offense in the abstract, with no reference to the particular facts of the case, to determine whether the commission of one offense would necessarily result in the commission of the other offense." *Kelly*. In *Kelly*, this court determined that Kelly cannot rely on *Johnson* as support for his argument when it was the *Rance* test in place at the time of his conviction. *Id*. The same rationale applies in the instant case.

**{¶10}** As such, we find no merit to Robinson's argument.

**{¶11}** Lastly, we overrule Robinson's argument that R.C. 2953.23 is unconstitutional. This court, as well as other Ohio appellate courts have consistently

held that R.C. 2953.23 is constitutional.

> Courts throughout this State have repeatedly found that R.C. 2953.23(A)(2) is constitutional and does not violate the Supremacy Clause, the Doctrine of Separation of Powers, the "due course of law" or "open courts" provisions of the Ohio Constitution.

{¶12} Accordingly, Robinson's first, second, third, fourth and fifth assignments of error are overruled.

{¶13}　The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR