# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   106566

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD SWANSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-96-339267-ZA

**BEFORE:**   Boyle, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   October 11, 2018

[Cite as *State v. Swanson*, **2018-Ohio-4111.**]
**FOR APPELLANT**

Richard Swanson, pro se
Inmate No. 573484
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1}  Defendant-appellant, Richard Swanson, appeals the trial court's

denial of his motion to correct a void judgment.   He raises seven assignments of

error for our review:

> 1. The trial court erred by not giving the Defendant-Appellant a "Notification of a Right to Appeal After Entering a Guilty Plea" which fails Crim.R. 32(B)(2) and (3).

> 2. Sentence in CR-96-339267 is declared a "void judgment" and doesn't compo[r]t with "mandatory provisions of law."

> 3. The sentence in CR-96-339267 is not consistent with the "mandatory provisions" in 2953.02.

> 4. The sentence in CR-96-339267 fails the "mandatory provisions" in 2505.02(B)(2).

> 5. Defendant-appellant's sentence in CR-96-339267 is in violation of Ohio Constitution Article IV Section 3(B)(2).

> 6. The case in CR-96-339267 violates the U.S. Constitution 14th Amendment Section 1 due process rights.

> 7. The Defendant-Appellant wants this "appeal" heard under the doctrines of 2953.08(G)(2)(b) for such a sentence is "contrary to law."

{¶2}  Finding that the trial court lacked jurisdiction, we reverse the trial court's

order.

## I. Procedural History and Factual Background

{¶3}  In August 1996, in Cuyahoga C.P. No. CR-96-339267, Swanson pleaded

guilty to an amended count of aggravated robbery, a first-degree felony in violation of

R.C. 2911.01.   As a result of his plea, the state nolled the other charges, which included

another count of aggravated robbery with violence specifications, grand theft with violence specifications, and two counts of robbery. The journal entry of the plea hearing states that Swanson "was fully advised of his * * * constitutional rights." In September 1996, the trial court sentenced Swanson to a 5- to 25-year term of incarceration, but then suspended the sentence and placed Swanson on five years of probation "upon completion of sentence in cases CR 335423 and CR 230707."[1]

{¶4} In June 1998, Swanson filed a motion to modify or reduce his sentence in Case No. CR-96-339267. The trial court denied Swanson's motion, finding that it was "premature" and stating that "defendant may refile the motion when he is returned to Cuyahoga County to begin his term of probation."

{¶5} In August 1998, after Swanson completed his prison sentence for Cuyahoga C.P. Nos. CR-88-230707 and CR-96-335423, the trial court set Swanson's probation conditions for his five-year probation term for Case No. CR-96-339267. In September 1998, a capias was issued for Swanson at the request of his probation officer. In December 1998, Swanson appeared before the trial court who found Swanson violated his probation by "absconding from Harbor Light on September 9, 1998, and conviction of theft in Warrensville Heights." As a result, the trial court revoked Swanson's probation and imposed its original sentence of 5 to 25 years of incarceration.

---

[1] Swanson was convicted of theft in Case No. CR-96-335423 and of aggravated robbery, felonious assault, and receiving stolen property in Case No. CR-88-230707.

**{¶6}** On July 15, 1999, Swanson filed a notice of appeal. This court dismissed his appeal on October 14, 1999, after Swanson failed to timely file his appellate brief.

**{¶7}** Approximately 13 years later, on July 24, 2012, Swanson filed a motion to correct sentence. As part of his motion, Swanson argued that the trial court failed to advise him of his right to appeal pursuant to Crim.R. 32(B) and, therefore, his sentence is contrary to law and void. The state filed a brief in opposition to Swanson's motion, but the trial court never ruled on the motion.

**{¶8}** In October 2014,

> Swanson filed an original action in the Marion County Court of Common Pleas based on alleged errors in his sentencing entries and claiming his release dates had been miscalculated in CR-96-339267, CR-88-230707, and CR-96-335423. The trial court dismissed his action finding he had failed to establish that his maximum sentence had expired. The Third District Court of Appeals affirmed on the basis of res judicata, and because the record supported the trial court's conclusion that Swanson failed to demonstrate that his maximum sentence had expired among other procedural grounds that supported dismissal of his habeas corpus petition.

*Swanson v. Griffin*, 8th Dist. Cuyahoga No. 103605, 2016-Ohio-3065, ¶ 6.

**{¶9}** In October 2015, Swanson sought "a writ of mandamus to compel [the trial court] to correct alleged plain errors in the sentencing journal entry filed in *State v. Swanson*, Cuyahoga C.P. No. CR-96-339267." *Griffin* at ¶ 1. We denied Swanson's writ on May 18, 2016, awarding the respondent summary judgment because Swanson failed to "establish[] the requirements for mandamus relief." *Id.* at ¶ 8.

**{¶10}** On July 25, 2017, Swanson filed a motion to correct void judgment.[2] The state again opposed Swanson's motion. On November 13, 2017, the trial court denied Swanson's motion to correct a void judgment.[3]

**{¶11}** It is from this judgment that Swanson now appeals.

## II. Law and Analysis

**{¶12}** This court has consistently maintained

> "[a] motion that is not filed pursuant to a specific rule of criminal procedure 'must be categorized by a court in order for the court to know the criteria by which the motion should be judged.' Where a criminal defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."

*State v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, ¶ 3, quoting *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380; *see also State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 11; *State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8.

---

[2] Swanson titled the motion, "Motion to Correct Void Judgment, in Accordance with Crim.R. 32(B)(2) and (3), in Accordance with 2953.02, in Accordance with Ohio Constitution Article IV, 3(B)(2), in Accordance with U.S. Constitution Fourteenth Amendment Section (1) — Due Process, Hearing Requested."

[3] Swanson continues to file motions with the trial court. On May 25, 2018, he filed a motion to vacate sentence. On June 26, 2018, Swanson filed a "motion for emergency (21) day evidentiary hearing" in compliance with R.C. 2953.21(E).

**{¶13}** R.C. 2953.21 through 2953.23 sets forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

**{¶14}** A defendant, however, must file any motion to be considered pursuant to R.C. 2953.21 within the jurisdictional 365-day time limit delineated in the statute. R.C. 2953.21 provides that the petition must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Swanson did not file his motion until well beyond the 365 days after the expiration of the time to file his direct appeal.

**{¶15}** R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely or successive petition only if (1) the petitioner was "unavoidably prevented" from discovering the facts on which the petition is predicated and "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense[,]" or (2) "the United States Supreme Court recognized a new federal or state

right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

**{¶16}** Here, we are bound to conclude the trial court was without jurisdiction to consider Swanson's petition for postconviction relief because the record shows that he cannot satisfy one of those threshold requirements.

**{¶17}** First, Swanson does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition. Further, he could not show that "no reasonable factfinder would have found him guilty but for constitutional error at trial" because he pleaded guilty. *See State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 17 ("Rackley pleaded guilty, and thus, R.C. 2953.23(A) does not apply."); *State v. Moore*, 8th Dist. Cuyahoga No. 82734, 2003-Ohio-4819, ¶ 16 ("Appellant pled guilty to drug possession and no trial occurred; therefore, [R.C. 2953.23(A)] does not apply."); *State v. Halliwell*, 134 Ohio App.3d 730, 735, 732 N.E.2d 405 (8th Dist.1999) (defendant could not satisfy the requirement that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted" where he was convicted "pursuant to his plea of guilty, not by reason of trial"). Second, Swanson does not claim that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. Therefore, Swanson does not meet the threshold requirements that are necessary before a trial court can consider his petition.

Accordingly, the trial court lacked jurisdiction to address his petition and should have dismissed his petition.

**{¶18}** Even overlooking the procedural issues with Swanson's petition, his arguments still fail. He argues that the trial court failed to notify him of his appellate rights at his sentencing hearing in September 1996. Yet, Swanson filed an appeal in July 1999. Despite an order granting him an extension of time to file an appellate brief, Swanson failed to file one, and as a result, we dismissed his appeal. Because this issue could have been raised on direct appeal, it is barred by res judicata. *See State v. Lozada*, 8th Dist. Cuyahoga No. 81151, 2003-Ohio-1721, ¶ 12, citing *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 ("Postconviction relief is not a vehicle for appealing claims which could have been raised on direct appeal of a conviction.").

**{¶19}** Accordingly, we reverse the trial court's order. Upon remand, we instruct the trial court to vacate its order and dismiss Swanson's petition for lack of jurisdiction.

It is ordered that appellee recover from appellant the costs herein taxed.

[Cite as *State v. Swanson*, 2018-Ohio-4111.]

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

_____

MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR