[Cite as *State v. Montague*, 2012-Ohio-5512.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98135

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE MONTAGUE

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547619

**BEFORE:** Cooney, J., Jones, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**ATTORNEY FOR APPELLANT**

Richard A. Neff
614 W. Superior Ave.
The Rockefeller Building
Suite 1300
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Ronni Ducoff
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1}  Defendant-appellant, George Montague ("Montague"), appeals his sentence for two counts of gross sexual imposition.   Finding no merit to this appeal, we affirm.

{¶2}  In March 2011, Montague was charged with kidnapping, rape, and gross sexual imposition.   Both the rape and the gross sexual imposition charges contained sexually violent predator specifications.

{¶3}  In February 2012, Montague pled guilty to an amended indictment of two counts of gross sexual imposition.   The State dismissed the kidnapping charge, as well as the specifications.   That same month, Montague was sentenced to five years on the first count and three years on the second, to be served consecutively, for an aggregate sentence of eight years in prison.

{¶4}  Montague now appeals, arguing in his sole assignment of error that the consecutive sentences were excessive and unlawful.

{¶5}  The General Assembly recently amended former R.C. 2929.14(E)(4), renumbered R.C. 2929.14(C)(4), and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86.[1]   The revisions to the felony sentencing

---

[1]   H.B. 86 took effect on September 30, 2011, and Montague was sentenced in February 2012.   Therefore, the trial court was required to sentence him pursuant to the revisions contained in H.B. 86.

statutes under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences.

{¶6} R.C. 2929.14(C)(4) provides, in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7} The trial court articulated the appropriate findings required by R.C. 2929.14(C)(4) both on the record at the sentencing hearing and in the judgment entry of conviction and sentence. At the sentencing hearing, the trial court referred to its review of the presentence investigation and heard from the victim and the defendant. The court noted that it had considered all of the factors required by law. The court found that consecutive sentences were not disproportionate to the crimes committed and were

necessary to punish Montague based on the seriousness of the conduct and the harm to the victim. The court stated:

> The Court has considered the seriousness factors. We could list them by order in statute, but this crime involved the destruction of the childhood of the defendant's own daughter and for that she has received a life sentence. This is a very serious crime, GSI. It's not rape, there was a plea agreement, but the facts are as they are detailed in the PSI.
>
> * * *
>
> I do find consecutive sentences to be necessary in this case. The harm inflicted upon a member of your own family, your daughter, was so grave and unusual that a single term of five years does not adequately reflect the seriousness of the conduct.

{¶8} Based on the record, we find that the trial court complied with R.C. 2929.14(C)(4) in sentencing Montague to consecutive sentences.

{¶9} Accordingly, the sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR