[Cite as *State v. Pizarro*, 2014-Ohio-1734.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   100564

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MIGUEL PIZARRO

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-07-495634-D and CR-07-500632

**BEFORE:**   Boyle, A.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   April 24, 2014

**FOR APPELLANT**

Miguel Pizarro, pro se
Inmate No. 533-493
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio    44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Miguel Pizarro, appeals from the trial court's judgment denying his motion for reduced punishment. He raises three assignments of error for our review:

> 1. Appellant was denied due process of law when the trial court denied his motion for reduced punishment pursuant to R.C. 1.58(B) and H.B. 86's reenactment of amended language of R.C. 2929.41(A). Violation of the due process clause to the state and federal constitutions.
>
> 2. Appellant's sentences are unconstitutional and void where it violates [R.C. 2941.25(A)] and deprives appellant of his rights of due process to have his sentences merged according to the law as written. Violation of Sec. 1, Amend. 14, to the United States Constitution.
>
> 3. The trial court['s] disregard to hold a mandatory voir dire hearing as to whether under the facts in this case there were allied offenses thus the sentences are void.

{¶2} Finding no merit to his appeal, we affirm.

<u>Procedural History and Factual Background</u>

{¶3} In April 2007, Pizarro was indicted on one count of aggravated murder with one- and three-year firearm specifications, and four counts of obstructing justice. In September 2007, Pizarro was charged by way of information by agreement of all parties on one count of kidnapping. Pizarro pleaded guilty to involuntary manslaughter with the three-year firearm specification and to kidnapping. The remaining counts were nolled.

{¶4} In September 2007, the trial court sentenced Pizarro to ten years in prison for involuntary manslaughter and three years for the attendant firearm specification, to be

served consecutive to ten years for kidnapping, for an aggregate sentence of 23 years in prison.

{¶5} In June 2009, Pizarro moved to withdraw his plea, which the trial court denied. This court affirmed the trial court's denial of Pizarro's motion to withdraw his plea in *State v. Pizarro*, 8th Dist. Cuyahoga No. 93694, 2010-Ohio-4007.

{¶6} On April 24, 2013, Pizarro filed a motion titled, "Motion for Reduced Punishment pursuant to R.C. 1.58(B) and H.B. 86's Reenactment of Amended Language of R.C. 2929.41(A)," arguing that his consecutive sentences should be reduced under the new laws. In May 2013, he filed an "addendum for alternative relief" to his April 2013 motion, arguing that he was improperly sentenced to allied offenses of similar import. The trial court denied Pizarro's motion on September 30, 2013. It is from this judgment that Pizarro appeals.

<u>Untimely Petition for Postconviction Relief</u>

{¶7} This court has consistently maintained:

> A motion that is not filed pursuant to a specific rule of criminal procedure "must be categorized by a court in order for the court to know the criteria by which the motion should be judged." Where a criminal defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.

S*tate v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, quoting *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380, ¶ 12; *see also State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 11; *State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473; *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997).

{¶8} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

{¶9} A defendant, however, must file any motion to be considered pursuant to R.C. 2953.21 within the jurisdictional, 180-day time limit delineated in the statute. R.C. 2953.21 provides that the petition must be filed within 180 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 180 after the expiration of the time in which a direct appeal could have been filed. Pizarro did not file his motion until well beyond the 180 days after the expiration of the time to file his direct appeal.

{¶10} R.C. 2953.23(A)(1) allows a trial court to entertain an untimely or successive petition only if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. R.C. 2953.23(A)(1)(a). If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶11} Therefore, unless it appears from the record that Pizarro was unavoidably prevented from discovering facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, and that but for constitutional error at trial, no reasonable factfinder would have found him guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

Analysis

{¶12} Pizarro does not even allege, let alone establish, any of the requirements necessary to bring an untimely petition for postconviction relief. Pizarro does not claim that he was unavoidably prevented from discovering the facts upon which he relied in his petition. Nor has the United States Supreme Court recognized a new federal or state right that applies retroactively to Pizarro. Thus, he does not meet the threshold

requirements that are necessary before a trial court can consider his petition. Accordingly, the trial court was without jurisdiction to address his petition.

{¶13} Even overlooking Pizarro's procedural problems with his petition, his arguments still fail. He argues that he should be sentenced under the provisions of H.B. 86. But H.B. 86 went into effect on September 30, 2011. *State v. Steinfurth*, 8th Dist. Cuyahoga No. 97549, 2012-Ohio-3257, ¶ 13. It is not retroactive. *Id.* at ¶ 14 (the sentencing amendments under H.B. 86 apply to a person who commits an offense specified or penalized under this section *on or after* the effective date of H.B. 86). R.C. 1.58 does not apply to Pizarro's sentence either. This provision expressly provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, *if not already imposed*, shall be imposed according to the statute as amended." (Emphasis added.)

{¶14} Pizarro maintains that this court "has consistently recognized retroactivity in [H.B.] 86." He cites to this court's decision in *State v. Montaque*, 8th Dist. Cuyahoga No. 98135, 2012-Ohio-5512, claiming that it supports his argument that the amendments to H.B. 86 should apply retroactively to his sentence. But in *Montaque*, the defendant was sentenced five months after the effective date of H.B. 86, and thus, does not support Pizarro's claim. *Id.* at ¶ 5.

{¶15} Pizarro further argues that his sentence should be vacated under the merger standard announced by the Ohio Supreme Court in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. But Pizarro was sentenced before *Johnso*n was

decided. As the Second Appellate District has explained, an appellant seeking to challenge his pre-*Johnson* sentencing on the grounds of merger cannot rely on *Johnson*

> because "[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies."

*State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 11, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6.

{¶16} Pizarro's three assignments of error are overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR