[Cite as *State v. Pizarro*, 2014-Ohio-5344.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101546**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MIGUEL PIZARRO**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-495634-D

**BEFORE:** Jones, P.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 4, 2014

**FOR APPELLANT**

Miguel Pizarro
Inmate No. A-533-493
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Miguel Pizarro appeals from the judgment denying his motion for specific performance of breached contract. For the reasons that follow, we affirm.

{¶2} In 2007, Pizarro was charged with aggravated murder with one- and three-year firearm specifications. He pleaded guilty to involuntary manslaughter with a three-year firearm specification. The trial court sentenced him to ten years on the underlying charge, consecutive to three years on the firearm specification. The sentence was also ordered to be served consecutively to a kidnapping conviction in another case, Cuyahoga C.P. No. CR-500632; the kidnapping conviction involved the same victim as the involuntary manslaughter conviction. This court upheld the conviction in that case. *State v. Pizarro*, 8th Dist. Cuyahoga No. 93694, 2010-Ohio-4007; *see also State v. Pizarro*, 8th Dist. Cuyahoga No. 100564, 2014-Ohio-1734 (denying postconviction relief).

{¶3} In 2014, Pizarro filed a motion for specific performance of breached contract that the state opposed. The trial court denied Pizarro's motion. Pizarro now appeals, raising the following assignment of error for our review:

> The trial court disregarded mandatory provisions of R.C. 2941.25 and breached the contractual plea agreement between [the] state of Ohio and appellant where a deviation from mandatory provisions of statute rendered [the] sentence contrary to law and not authorize[d] by law and appellant suffered prejudice when [the] trial court applied res judicata to deny his Civ.R. 60(B) motion for specific performance of breached contract.

{¶4} It is Pizarro's contention that his plea agreement was breached because the trial court failed to address whether the involuntary manslaughter and kidnapping charges were allied offenses.

{¶5} Res judicata is the "'[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to

them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.'" *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132, 712 N.E.2d 713 (1999), quoting *Black's Law Dictionary* 1305 (6th Ed.1990). In the criminal law context, the Ohio Supreme Court has recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6.

{**¶6**} Pizarro's claimed error could have been raised in his direct appeal, but was not. He is therefore now barred under the doctrine of res judicata from raising it here.

{**¶7**} Res judicata aside, there is no merit to the claimed error. "When the plea agreement is silent on the issue of allied offenses of similar import, * * * the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29. In line with *Underwood*, this court has recognized that a stipulation by the parties is sufficient to resolve the issue of merger. *State v. Rogers*, 8th Dist. Cuyahoga No. 98292, 2013-Ohio-3235, 994 N.E.2d 499, ¶ 40-44.

{**¶8**} The plea agreement here is not silent. The record specifically reflects that the state and Pizarro agreed that the "involuntary manslaughter and the kidnapping are not allied offenses of similar import."

{**¶9**} In light of the above, Pizarro's sole assignment of error is without merit and overruled.

{**¶10**} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas

court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR

KEYWORDS: